*Holt, for appellants.*

*Turner, for appellees.*

---

M. MULLINS *v.* JOHN M. CURRY.

**Libel and Slander—Pleading.**

Allegations in a petition for libel were held not to import, of themselves, a cause of action against a defendant.

APPEAL FROM PENDLETON CIRCUIT COURT.

October 22, 1873.

OPINION BY JUDGE PETERS:

Appellant sued appellee for libel. The words complained of as libelous are contained in a paragraph of a circular alleged to have been published by appellee. This bastard circular pretends to speak of "Rings," and is as follows:

"Let's see about this. In 1855 a vote was taken in this county upon the question of railroad bonds, at which election all voted (instead of land-holders only, as the law required), and by this election a $50,000 railroad debt was fastened on the county. The pool books of that election were carelessly or otherwise mislaid and could never be found, that the fraud of that election might not be exposed. At the time of that loss none of the Curry family had any control over the county affairs or records. Can the captain say as much for the Mullins family?"

Appellant alleges in the original petition that appellee intended and did impute to him, and charge him with the crime of feloniously secreting, suppressing, and destroying the poll books of the election aforesaid, while they were in his custody as clerk of the Pendleton County Court, which charge he knew to be false, and that he made the publication maliciously, and for the purpose of defaming and injuring the character of appellant.

To the petition appellee filed a demurrer, which was sustained by the court. An amended petition was then tendered by appellant, in which he alleged that the words complained of were "used" by defendant for the purpose of making the people who read the hand bill, and particularly the people of Pendleton county, believe that the plaintiff had secreted said poll books with the fraudulent purpose of foisting upon the county of Pendleton said railroad liability, and the people who read the hand bill understood those words to be so intended by defendant.

To the filing of this amended petition appellee objected. His objection was sustained by the court, and appellant tendered a second amendment, alleging that the words "Mullins family" in said circular, described in plaintiff's original petition, are intended by the defendant to mean this plaintiff, there being no other member of the Mullins family in office in Pendleton county at the period of time referred to in said circular. A great number of said circulars were distributed throughout Pendleton

county, one of which he files and makes a part of his petition. He also tendered a third amendment to the petition, in which he alleges that said poll books were in his custody as clerk of the Pendleton County Court, after they had been duly certified and returned by the election officers of said county, and defendant well knew they were so in plaintiff's possession.

The original and all of said amended petitions having been adjudged insufficient, and appellant having failed to tender any further amendment, his petition was dismissed and he has appealed to this court.

Waiving other objections urged to the petition, the first and material question is, do the words "the poll books of that election were carelessly or otherwise mislaid, and could never be found, that the fraud of that election might not be exposed," etc., in their natural and obvious sense, import of themselves that appellant had been guilty of a crime or an offense? We do not think so. It would doubtless be criminal in the clerk of the county court, as the custodian of the poll books of any election legally held, by mere carelessness to mislay, lose or destroy them, or to permit either to be done; and it might be actionable to publish of a clerk that he had carelessly mislaid the poll books of a county, so that they could not be found, whereby loss or injury might have resulted to others; yet in this case there is great uncertainty as to the nature of the charge, because the words, "or otherwise," so qualify the other words of the publication as that they all may be true, and still appellant may have been guilty of no offense or official misconduct. According to all that is contained in the publication, the poll books may have been mislaid by unavoidable accident, and without any fault of appellant.

As, therefore, the averments in the original and several amended petitions do not in themselves import a cause of action against appellee, there was no error in the rulings of the court below; consequently the judgment is affirmed.

H. R. *Clark, for appellant.*

*Furber, for appellee.*